**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **TOYOTA JIDOSHA KABUSHIKI KAISHA also doing business as TOYOTA MOTOR CORPORATION and TOYOTA MOTOR SALES, U.S.A., INC.**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**LEXUS STUDIOS, INC.**<br><br>**Defendant.** | Civil Action No. _15-13819_ |

**COMPLAINT FOR TRADEMARK AND SERVICE MARK INFRINGEMENT,
UNFAIR COMPETITION AND TRADEMARK AND SERVICE MARK DILUTION**

Plaintiffs Toyota Jidosha Kabushiki Kaisha also doing business as Toyota Motor Corporation (Plaintiff Toyota Motor Corporation) and Toyota Motor Sales, U.S.A., Inc. (Plaintiff Toyota Motor Sales U.S.A., Inc.) (collectively, "Toyota"), by their attorneys, for their Complaint against Defendant Lexus Studios, Inc. (Defendant), state and allege as follows:

**NATURE OF ACTION**

1.      This is an action at law and in equity for trademark and service mark infringement, unfair competition and trademark and service mark dilution under the Federal Trademark Act of 1946, as amended, 15 U.S.C. § 1051, et seq. (the "Lanham Act"), as well as Massachusetts state and common law, which Toyota brings to protect one of its most valuable assets, namely, the goodwill and consumer recognition it has developed in its federally-protected LEXUS trademark ("LEXUS Mark"). For many years, Toyota has continuously used and

extensively promoted its famous LEXUS Mark in connection with the manufacture, distribution, offering for sale and sale of automobiles and commercially related and ancillary goods and services. As described more fully below, without Toyota's authorization or consent, and with knowledge of Toyota's prior rights in its federally-protected LEXUS Mark, Defendant commenced use of the identical, confusingly similar and diluting designation LEXUS as a trade name and service mark for a photography and film production company named Lexus Studios in Somerville, Massachusetts.  Defendant's conduct is likely to mislead the general public into believing that Defendant and its photography and film production services are authorized by, sponsored by, licensed by or otherwise affiliated with Toyota, its well-known and famous LEXUS Mark and the goods and services it sells and provides thereunder. Toyota accordingly brings this action in order to protect its valuable federally-protected trademark and to halt the irreparable harm it has suffered and will continue to suffer as a result of Defendant's actions.

## THE PARTIES

2.      Plaintiff, Toyota Jidosha Kabushiki Kaisha, also doing business as Toyota Motor Corporation, is a Japanese corporation having its principal offices at 1 Toyota-Cho, Toyota, Aichi 471, Japan.  Toyota Motor Corporation is the owner of all relevant trademark rights associated with LEXUS automobiles and commercially related and ancillary goods and services.

3.      Plaintiff, Toyota Motor Sales, U.S.A., Inc., is a California corporation having its principal offices at 19001 South Western Avenue, Torrance, California 90509.  Plaintiff is a wholly owned subsidiary of Plaintiff Toyota Motor Corporation and is the exclusive importer and distributor of LEXUS automobiles throughout the United States except the State of Hawaii.

4.      Toyota is informed and believes that Defendant Lexus Studios, Inc. is a corporation formed in the state of Massachusetts located at 285 Washington Street, Suite 102,

Somerville, Massachusetts 02143.

## JURISDICTION AND VENUE

5.     This action arises under the Lanham Act, 15 U.S.C. § 1051, *et seq*. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 (federal question) and 1338 (unfair competition), as well as 15 U.S.C. § 1121 (Lanham Act). The Court has supplemental jurisdiction over Toyota's state law claims under 28 U.S.C. § 1367.

6.     Toyota is informed and believes that Defendant is subject to the personal jurisdiction of this Court because it does business and/or resides in the state of Massachusetts.

7.     Venue is proper in this district under 28 U.S.C. § 1391 (b) and (c) and 1400(b) because  Defendant resides in this district, may be found in this district, and/or a substantial part of the events giving rise to the claims in this action occurred within this district or are situated in this district .

## FACTS COMMON TO ALL COUNTS

### *Toyota's LEXUS Mark*

8.     Toyota is the world's largest automobile company and manufactures and sells top quality automobiles under many brands, including LEXUS.  Toyota began doing business in the United States in 1958.

9.     Toyota's leading luxury brand is LEXUS, which was first introduced to the U.S. market in 1989. Since then, Toyota has invested substantial time, effort and money in advertising and promoting automobiles under the LEXUS brand throughout the United States. Toyota's LEXUS vehicles have won countless awards for their excellence and Toyota has established and maintained a reputation among consumers for its high quality, consistency and relentless pursuit of perfecting its products.  As a result of Toyota's excellent reputation and its investment in the

3

LEXUS brand, LEXUS automobiles have consistently been one of the top three luxury automobile brands sold in the United States. Indeed, as of April 2015, the LEXUS brand is the leading luxury brand in the United States for the 2015 calendar year, as measured by new vehicle registrations. According to Forbes magazine, as of May 2015 Toyota's LEXUS brand was valued at $8 billion dollars and ranked #66 on the list of the world's most valuable brands.

10.    From 1989 to the present, sales of LEXUS automobiles and structural parts and accessories and related services therefor in the United States have exceeded $100 billion dollars, and Plaintiffs and authorized dealers have spent substantial sums in advertising such goods and services.

11.    To protect its rights in the LEXUS brand, Toyota has obtained more than 20 federal registrations of the mark LEXUS on the Principal Register of the United States Patent and Trademark Office. A chart setting forth the details of representative registrations and pending applications owned by Toyota for the LEXUS Mark is attached hereto as Exhibit A.

12.    Plaintiff Toyota Motor Corporation duly registered LEXUS as a trademark for automobiles in the United States Patent and Trademark Office under Registration No. 1,574,718 which issued January 2, 1990.

13.    Plaintiff Toyota Motor Corporation duly registered LEXUS as a service mark for repair and maintenance services for automotive vehicles and automotive vehicle leasing services in the United States Patent and Trademark Office under Registration No. 1,675,339 which issued February 11, 1992.

14.    Plaintiff Toyota Motor Corporation duly registered LEXUS as a service mark for financing the purchasing and leasing of automobiles in the United States Patent and Trademark Office under Registration No. 1,739,201 which issued December 8, 1992.

4

15.   Plaintiff Toyota Motor Corporation registered LEXUS & Design as a trademark for key rings; compact disc holders; clocks; ballpoint pens; umbrellas; drinking cups; jackets, sweat shirts, caps, sweaters, polo shirts, sport shirts, pullovers, windbreakers, and golf shirts; and, golf balls, golf bags in the United States Patent and Trademark Office  under Registration No. 1,834,147 which issued May 3, 1994.

16.   Plaintiff Toyota Motor Corporation registered LEXUS EXTRA CARE as a service mark for administration of financial and insurance service agreements providing for repairs of automotive vehicles, towing, gas delivery, and flat tire service for disabled vehicles; reimbursement for substitute transportation, lodging and meals; and motor vehicle insurance underwriting in the United States Patent and Trademark Office under Registration No. 1,871,549 which issued January 3, 1995.

17.   Plaintiff Toyota Motor Corporation registered LEXUS FINANCIAL SERVICES as a service mark for financing the purchase and leasing of motor vehicles, underwriting and administering insurance agreements, warranty programs, prepaid maintenance agreements and debt cancellation agreements, all related to motor vehicles in the United States Patent and Trademark Office under Registration No. 2,851,110 which issued June 8, 2004.

18.   Plaintiff Toyota Motor Corporation registered LEXUS & Design as a trademark for binders, traveling bags, bottles sold empty, and stuffed toy animals in the United States Patent and Trademark Office under Registration No. 2,852,290 which issued June 15, 2004.

19.   Plaintiff Toyota Motor Corporation registered LEXUS LINK as a service mark for providing cellular telephone services for the transmission and receipt of voice and data signals for motorists whose locations are determined by a global positioning system, providing travel assistance in the nature of arranging for emergency roadside assistance by others for persons and

vehicles, and providing travel information in the nature of routes to specified destinations and specified types of facilities to motorists who locations are determined by the use of the use of a global positioning system and wireless telecommunication technologies in the United States Patent and Trademark Office under Registration No. 2,925,515 which issued February 8, 2005.

20.   Plaintiff Toyota Motor Corporation registered THE LEXUS COLECTION as a service mark for printed publications, namely catalogs featuring consumer merchandise available for purchase by mail order or by order over the internet and mail order catalog services in the field of general merchandise; computer online ordering services in the field of general merchandisein the United States Patent and Trademark Office under Registration No. 3,168,149 which issued November 6, 2006.

21.   Plaintiff Toyota Motor Corporation registered LEXUS PURSUITS as a service mark for credit card services in the United States Patent and Trademark Office under Registration No. 3,406,696 which issued April 1, 2008.

22.   Plaintiff Toyota Motor Corporation registered LEXUS & Design as a service mark for financing the purchase and leasing of motor vehicles; underwriting and administering insurance agreements, warranty programs, prepaid maintenance agreements, and debt cancellation agreements, all related to motor vehicles; financing inventory and other capital expenditures of dealerships and the purchase, construction and refinancing of automobile dealership property; banking services including credit cards, unsecured lines of credit, deposit products, cash management services and real and personal property secured extensions of credit in the United States Patent and Trademark Office under Registration No. 3,463,476 which issued July 8, 2008.

23.   Plaintiff Toyota Motor Corporation registered LEXUS & Design as a service mark

6

for vehicle driving instruction; education services, namely, conducting demonstrations of motor vehicles and driving instruction, namely, providing opportunities to drive motor vehicles under the guidance of professional instructors; and serving food and beverages at demonstrations of automotive vehicles in the United States Patent and Trademark Office under Registration No. 3,662,956 which issued August 4, 2009.

24.    Plaintiff Toyota Motor Corporation registered LEXUS ENFORM as a service mark for arranging for emergency roadside assistance, namely, responding to calls for roadside assistance, flat tire changing, emergency fuel supplying and battery jump starting; navigation assistance in the nature of providing vehicle routing and directions through components integrated into a motor vehicle, namely, transmitters, receivers, microprocessors, software, transceivers on a cellular network, all of which interact with global positioning systems satellite technology and a customer call center; information provided for motorists via telecommunication satellites that transmit information to internal vehicular digital devices, namely, providing news, music and entertainment programs; information provided for motorists via telecommunication satellites that transmit information to internal vehicular digital devices, namely, providing weather reports and forecasts; automobile diagnostic services, namely, information provided for motorists via telecommunication satellites that transmit information to internal vehicle digital devices, namely, providing information about vehicle mileage, vehicle maintenance needs, and diagnostic trouble codes; information provided for motorists via telecommunication satellites that transmit information to internal vehicular digital devices, namely, providing information about restaurants; electronic remote monitoring for motorists via telecommunication satellites, global positioning systems (gps) and cellular telecommunications, namely, using vehicle diagnostic data to alert emergency personnel when signals indicate deployment of airbags within

vehicles, when signals indicate that vehicles have crashed; stolen vehicle tracking in the United States Patent and Trademark Office under Registration No. 3,725,927 which issued December 15, 2009.

25.   Plaintiff Toyota Motor Corporation registered LEXUS & Design as a trademark for solar powered mobile rechargers for mobile telephones and personal music players; and textiles and textile goods, namely, golf towels in the United States Patent and Trademark Office under Registration No. 3,805,350 which issued June 22, 2010.

26.   Plaintiff Toyota Motor Corporation registered LEXUS & Design as a service mark for retail automobile parts and accessories stores; automobile dealerships; offering business management assistance in the establishment and/or operation of automobile dealerships; repair and maintenance services for motor vehicles, such services being provided at automobiles dealerships in the United States Patent and Trademark Office under Registration No. 4,148,895 which issued May 29, 2012.

27.   Plaintiff Toyota Motor Corporation registered LEXUS ENFORM REMOTE as a trademark for computer application software and related hardware for remote control and monitoring of motor vehicles, namely, software and hardware to enable the following functions from a handheld mobile device: remote engine starting and stopping, remote vehicle door locking and unlocking, automatic vehicle door relocking, remote starting of vehicle heating, ventilation, and air conditioning systems, providing directions back to vehicle using navigation features on the handheld mobile device, providing alerts on the handheld mobile device regarding vehicle status including whether doors, windows, trunk, hatch, hood, sunroof, or convertible top are open or closed, whether doors are locked or unlocked, and whether hazard lights are on or off, remote vehicle monitoring including monitoring of vehicle speed, time of

day, miles driven, time elapsed, distance from set location, and ignition on or off in the United States Patent and Trademark Office under Registration No. 4,638,322 which issued November 11, 2014.

28.     Registration Nos. 1,574,718, 1,675,339, 1,739,201, 1,834,147, 1,871,549, 2,851,110, 2,852,290, , 2,925,515, 3,168,149, 3,406,696, 3,463,476, 3,662,956, 3,725,927, 3,805,350, 4,148,895, 4,638,322 are *prima facie* evidence of the validity of and Toyota's exclusive right to use the mark LEXUS, alone and in combination with other words and/or designs, and are constructive notice of Toyota's ownership thereof, all as provided by §§ 7(b) and 22 of the Federal Trademark Act, 15 U.S.C. §§ 1057(b) and 1072.  As the right to use the mark LEXUS, alone and in combination with other words and/or designs, has become incontestable, Registration Nos. 1,574,718, 1,675,339, 1,739,201, 1,834,147, 1,871,549, 2,851,110, 2,852,290, 2,925,515, 3,168,149, 3,406,696, 3,463,476, 3,662,956, and 3,725,927 are conclusive evidence of Toyota's exclusive right to use the marks shown therein in commerce as provided by §§ 15 and 33(b) of the Federal Trademark Act, 15 U.S.C. §§ 1065 and 1115(b). True copies of Registration Nos. 1,574,718, 1,675,339, 1,739,201, 1,834,147, 1,871,549, 2,851,110, 2,852,290, 2,925,515, 3,168,149, 3,406,696, 3,463,476, 3,662,956, 3,725,927, 3,805,350, 4,148,895, 4,638,322 and are attached hereto, respectively, as Exhibit B, and made a part hereof.

29.     In addition to Toyota's registered rights in the LEXUS Mark, since at least as early as August 23, 2008, Toyota has produced videos, films and other entertainment programs under the mark L/STUDIO.  These video, films and entertainment programs are available for viewing on Toyota's web site at http://www.lstudio.com. Plaintiff Toyota Motor Sales, U.S.A., Inc. registered L/STUDIO as a service mark for entertainment services, namely, providing

continuing on-line programs about automotive culture and lifestyle and hosting an on-line

community web site featuring the topics of automobiles, travel, automotive culture, namely,

environmentally friendly automotive life style, innovation in consumer products, architectural

and fashion design, designing, purchasing, and using automobiles in an environmentally friendly

and personally-enhancing way, art, human culture, and philanthropic services in the United

States Patent and Trademark Office under Registration No. 3,656,395  which issued July 21,

2009.

### *Defendant's Wrongful Acts*

30.    Toyota is informed and believes that before Defendant commenced the conduct

complained of below, Defendant was aware of the existence and fame of the LEXUS Mark, of

the goodwill represented and symbolized in the LEXUS Mark, and of the public recognition and

reliance upon the LEXUS Mark to identify authentic products and services of Toyota and to

distinguish Toyota's goods and services from those of others.

31.    Notwithstanding Plaintiffs' well-known and prior established rights in the LEXUS

Mark, Defendant began providing photography and film production services under the trade

name and service mark LEXUS STUDIOS.  A photograph of a current business card for Lexus

Studios which displays the mark LEXUS STUDIOS is shown below.  Upon information and

belief, Defendant has been operating as Lexus Studios since at least as early as November 28,

2011, long after Toyota's LEXUS Mark achieved famous status.



32.     On March 28, 2012, shortly after learning of Defendant's advertising, promotion
and sale of photography and film production services under the LEXUS STUDIOS name and
mark, Toyota sent Defendant's President, Treasurer, Secretary, and Director, Paolo Pacheco, a
letter demanding that he and his company cease and desist the use of the LEXUS Mark in
connection with its advertising, promotion and sale of its services.  A true and correct copy of the
March 28, 2012 letter is attached as Exhibit C.

33.     Paolo Pacheco responded to Toyota's letter on March 29, 2012, informing
Toyota's counsel he would have a meeting with his attorney and get back to Toyota soon.
Having received no response, Toyota followed up with Paolo Pacheco on June 11, 2012. True
and correct copies of Paolo Pacheco's March 29, 2012 response and Toyota's June 11, 2012
follow up are attached hereto as Exhibits D and E, respectively.

34.     Paolo Pacheco responded to Toyota's follow up on June 12, 2012 by denying the
use of LEXUS STUDIOS was likely to cause confusion.  Paolo Pacheco based his position on
the fact the Massachusetts Secretary of State allowed his company to incorporate under the name
Lexus Studios, Inc.    On June 14, 2012, Toyota explained to Paolo Pacheco that the
Massachusetts Secretary of State only examines proposed corporate names for identicality not

likelihood of confusion, that Toyota remained concerned about the likelihood of confusion and dilution and that if Paolo Pacheco was represented by an attorney that lawyer should contact Toyota's counsel directly. True and correct copies of Paolo Pacheco's June 13, 2012 email and Toyota's response on June 14, 2012 are attached hereto as Exhibits F and G, respectively.

35.     The last communication Toyota received from Paolo Pacheco was an email dated May 24, 2013, a copy of which is attached as Exhibit H.  Paolo Pacheco once again denied that his use of the identical name LEXUS for his photography and film production business was likely to cause confusion.  Unfortunately, Toyota has been unable to persuade Defendant to select a new name and mark.

36.     There is no authorized association or affiliation of any kind between Toyota and Defendant, and Defendant is using the LEXUS Mark without Toyota's permission or consent. Toyota has no control over the manner of Defendant's use of the LEXUS Mark, or the nature or quality of the services advertised, promoted, sold and/or offered for sale by Defendant.

37.     Defendant's actions have caused, or are likely to cause, irreparable injury to Toyota, including irreparable injury to its goodwill and reputation, for which Toyota has no adequate remedy at law.

38.     Upon information and belief, Defendant will continue to commit the acts complained of unless enjoined.

### COUNT ONE

### *FEDERAL TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114*

39.     Toyota hereby incorporates by reference and re-alleges the allegations of Paragraphs 1 through 38 as if fully set forth herein.

40.     Defendant's conduct alleged herein constitutes trademark infringement in

violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

41.    Defendant, without authorization from Toyota, has used and is continuing to use a designation that is confusingly similar to Toyota's LEXUS Mark.

42.    Defendant's acts alleged herein have caused and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendant's photography and film production services originate from, or are affiliated with, sponsored by, or endorsed by Toyota.

43.    Upon information and belief, Defendant has acted with knowledge of Toyota's ownership of the LEXUS Mark and with the intention or willful blindness to unfairly benefit from the strong goodwill symbolized thereby.

44.    Upon information and belief, Defendant has made and will continue to make profits and/or gains to which it is not entitled to in law or equity.

45.    Upon information and belief, and as shown by Defendant's disregard of Toyota's trademark rights, Defendant intends to continue its infringing acts, unless restrained by this Court.

46.    Defendant's activities have caused, and unless enjoined by this Court, will continue to cause irreparable injury and other damage to Toyota's business, reputation, and goodwill in its federally registered LEXUS Mark.  Defendant's acts have damaged and will continue to damage Toyota, and Toyota has no adequate remedy at law.

47.    Pursuant to 15 U.S.C. § 1117, Toyota is entitled to recover the costs of this action. Further, the intentional nature of Defendant's unlawful acts renders this an "exceptional case," entitling Toyota to an award of attorneys' fees under 15 U.S.C. § 1117(a).  Toyota is also entitled to an order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in

the possession of the defendant, bearing the LEXUS Mark or the word, term, name, symbol, device, combination thereof, designation, description, or representation, or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same, shall be delivered up and destroyed.

## COUNT TWO

### *Federal Unfair Competition, 15 U.S.C. § 1125(a)*

48.    Toyota hereby incorporates by reference and re-alleges the allegations of Paragraphs 1 through 47 as if fully set forth herein.

49.    Defendant's conduct set forth herein constitutes false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50.    Defendant's advertising, promotion, sale, and/or offering for sale of photography and film production services under the LEXUS Mark is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of Defendant's photography and film production services, and is intended, and is likely to cause such parties to believe in error that Defendant's photography and film production services are authorized, sponsored, approved, endorsed or licensed by Toyota, or that Defendant is in some way affiliated with Toyota.

51.    Defendant's activities have caused, and unless enjoined by this Court, will continue to cause irreparable injury and other damage to Toyota's business, reputation, and goodwill in its federally registered LEXUS Mark.  Upon information and belief, Defendant has made and will continue to make profits and/or gains to which it is not entitled to in law or equity.

52.    Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

53.     Defendant engaged in these activities intentionally and willfully.  Defendant's acts have damaged and will continue to damage Toyota, and Toyota has no adequate remedy at law.

54.     As a direct and proximate result of Defendant's wrongful conduct, Toyota is entitled to a recovery of reasonable attorneys' fees and costs incurred herein.  Toyota is also entitled to an order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of the defendant, bearing the LEXUS Mark or the word, term, name, symbol, device, combination thereof, designation, description, or representation, or any reproduction, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same, shall be delivered up and destroyed.

### COUNT THREE

#### *Federal Trademark Dilution, 15 U.S.C. § 1125(c)*

55.     Toyota hereby incorporates by reference and re-alleges the allegations of Paragraphs 1 through 54 as if fully set forth herein.

56.     Toyota's LEXUS Mark is a famous trademark within the meaning of 15 U.S.C. § 1125(c), and became famous long before Defendant began using LEXUS STUDIOS for photography and film production services.

57.     Toyota's LEXUS Mark is strong and distinctive, is advertised and used extensively throughout the United States, and is highly recognizable by the trade and consuming public.

58.     Defendant's use of LEXUS in the advertising, promotion, sale, and/or offering for sale of its photography and film production services and on its websites and on-line social media channels (e.g., YouTube) without authorization from Toyota, is diluting the distinctive quality of

15

Toyota's LEXUS Mark and decreasing capacity of this mark to identify and distinguish Toyota's

LEXUS brand automobiles and related and ancillary goods and services such as Toyota's own

film production services.

59.    Defendant has intentionally and willfully diluted the distinctive quality of the

famous LEXUS Mark in violation of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

60.    Upon information and belief, Defendant has made and will continue to make

profits and/or gains to which they are not entitled to in law or equity.

61.    As a result of the above-described diluting activities of Defendant, Toyota has

suffered, and will continue to suffer, irreparable injury and substantial damages, while Defendant

has been and will continue to be unjustly enriched.

62.    Upon information and belief, Defendant intends to continue its infringing acts,

unless restrained by this Court.

63.    Defendant's activities have caused, and unless enjoined by this Court, will

continue to cause irreparable injury and other damage to Toyota's business, reputation, and

goodwill in its federally registered LEXUS Mark.  Defendant's acts alleged herein have damaged

and will continue to damage Toyota, and Toyota has no adequate remedy at law.

64.    As a direct and proximate result of Defendant's wrongful conduct, Toyota is

entitled to a recovery of its reasonable attorneys' fees and costs incurred herein.  Toyota is also

entitled to an order that all labels, signs, prints, packages, wrappers, receptacles, and

advertisements in the possession of the defendant, bearing the LEXUS Mark or the word, term,

name, symbol, device, combination thereof, designation, description, or representation, or any

reproduction, copy, or colorable imitation thereof, and all plates, molds, matrices, and other

means of making the same, shall be delivered up and destroyed.

16

## COUNT FOUR

### *State and Common Law Dilution*

65.     Toyota hereby incorporates by reference and re-alleges the allegations of Paragraphs 1 through 64 as if fully set forth herein.

66.     Defendant's acts complained of herein constitute service mark dilution in violation of in violation of the laws of the Commonwealth of Massachusetts, Mass. Gen. Laws ch. 110H § 13 and the common law of Massachusetts.

67.     Defendant's conduct as alleged above has damaged and will continue to damage Toyota's LEXUS Mark, goodwill and reputation and has resulted in losses to Toyota and an illicit gain of profit to Defendant in an amount unknown at the present time. Defendant's conduct entitles Toyota to injunctive relief.

68.     As a direct and proximate result of Defendant's wrongful conduct, Toyota is entitled to a recovery of reasonable attorneys' fees and costs incurred herein.

## COUNT FIVE

### *State and Common Law Unfair Competition*

69.     Toyota hereby incorporates by reference and re-alleges the allegations of Paragraphs 1 through 68 as if fully set forth herein.

70.     Toyota and Defendant are in the conduct of trade or commerce within the meaning of M.G.L. ch. 93A.

71.     The acts and conduct of Defendant as alleged above in this Complaint constitute the use in commerce of a false designation of origin, and false or misleading descriptions of fact or false and misleading representations of fact and constitute unfair competition in violation of the laws of the Commonwealth of Massachusetts, Mass. Gen. Laws, ch. 93A, §§ 2, 11 and the

17

common law of Massachusetts.

72.     Defendant's conduct as alleged above has damaged and will continue to damage Toyota's LEXUS Mark, goodwill and reputation and has resulted in losses to Toyota and an illicit gain of profit to Defendant in an amount unknown at the present time. Defendant's conduct entitles Toyota to injunctive relief.

## COUNT SIX

### *Common Law Trademark Infringement*

73.     Toyota hereby incorporates by reference and re-alleges the allegations of Paragraphs 1 through 72 as if fully set forth herein.

74.     Defendant's use of the name and mark LEXUS STUDIOS is likely to cause confusion, mistake, or deception as to the source of Defendant's photography and film production services. Specifically, Defendant's use of the name and mark LEXUS STUDIOS is likely to cause purchasers and others to mistakenly believe that Defendant's services are legitimately connected with, sponsored by, or approved by Toyota, or that Defendant's services are connected with, sponsored by, or approved by Toyota.

75.     Defendant's use of the name and mark LEXUS STUDIOS for photography and film production services has been done without Toyota's consent and violates Toyota's exclusive rights in its LEXUS trademark, thereby constituting trademark infringement in violation of the common law of Massachusetts.

76.     Defendant's activities described above have been willful, wanton, and in deliberate disregard of the LEXUS trademark, and for the purpose of intentionally misappropriating and capitalizing on Toyota's goodwill.

18

77.     Defendant's use of the name and mark LEXUS STUDIOS for its services is irreparably damaging to Toyota and will continue to irreparably damage Toyota unless enjoined by this Court. As a result, Toyota is without an adequate remedy at law.

### REQUEST FOR RELIEF

**WHEREFORE**, Toyota prays for judgment against Defendant as follows:

A.     Finding that: (i) Defendant has violated Section 32 of the Lanham Act (15 U. S. C. § 1114); Section 43(a) of the Lanham Act (15 U. S. C. § 1125(a)) and Section 43(c) of the Lanham Act (15 U. S. C. § 1125(c)); (ii) Defendant has diluted the LEXUS Mark in violation of the in violation of Mass. Gen. Laws ch. 110H § 13 and the common law of Massachusetts; (iii) Defendant has engaged in unfair competition in violation of Mass. Gen. Laws, ch. 93A, §§ 2, 11 and the common law of Massachusetts; and (iv) Defendant has engaged in trademark infringement in violation of the common law of Massachusetts.

B.     Preliminarily and permanently enjoining and restraining Defendant, its directors, members, officers, agents, servants, employees, subsidiaries, and affiliates, and all persons in active concert or participation with, though, or under Defendant, at first during the pendency of this action and thereafter perpetually:

        (i)     from committing any acts of unfair competition and from implying a false designation of origin or a false description or representation with respect to Toyota's LEXUS Mark;

        (ii)    from using in any manner packaging, labels, signs, literature, display cards, Internet website, or other packaging, advertising, or promotional materials, or other materials related to Defendant's goods, bearing Toyota's LEXUS Mark, and any other mark, word, or name confusingly similar to the LEXUS Mark;

19

(iii)    from making any statements on promotional materials or advertising for Defendant's services that are false or misleading as to source or origin;

(iv)    from using any designation that is likely to disparage, tarnish or dilute the distinctive quality of Toyota's LEXUS Mark;

(v)    from committing any acts of deceptive, unlawful or unfair acts calculated to cause members of the trade or purchasing public to believe that Defendant's services are the services of Toyota or are sponsored by or associated with, or related to, or connected with, or in some way endorsed or promoted by Toyota under the supervision or control of Toyota; and

(vi)    from using in connection with the promotion, advertising, or provision of any products or services the name Lexus or any other name confusingly similar to Toyota's LEXUS Mark.

C.    Requiring that Defendant, within thirty (30) days after service of notice of entry of judgment or issuance of an injunction pursuant thereto, file with the Court and serve upon Toyota's counsel a written report under oath setting forth details of the manner in which Defendant has complied with the Court's order pursuant to paragraphs A through B above.

D.    In connection with Defendant's acts of federal trademark infringement, dilution, and unfair competition, requiring Defendant to disgorge its profits.

E.    Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any service offered by Defendant under the LEXUS Mark has been authorized by Toyota, or is related in any way with Toyota and/or its products and services.

F.      Awarding Toyota its costs, attorneys' fees, investigatory fees, multiple damages and expenses to the full extent provided by Section 35 of the Lanham Act (15 U. S. C. § 1117), M.G.L. ch. 110H and M.G.L. ch. 93A.

G.      Awarding Toyota its costs of this action and pre-judgment and post-judgment interest on any monetary award made part of the judgment against Defendant.

H.      Awarding Toyota such additional and further relief as the Court deems just and proper.

Respectfully submitted,

**Attorneys for TOYOTA MOTOR
CORPORATION and
TOYOTA MOTOR SALES, U.S.A, INC.**

*/s/ Patrick T. Clendenen*
Patrick T. Clendenen (BBO# 564165)
Jennifer G. Roma (BBO #684925)
Nelson Mullins Riley & Scarborough LLP
One Post Office Square, 30th Floor
Boston, MA 02109
Telephone: (617) 573-4700
Facsimile: (617) 573-4710

and

Eric T. Fingerhut
Shannon Marie McKeon
DYKEMA GOSSETT PLLC
Franklin Square, Third Floor West
1300 I Street N.W.
Washington, DC 20005
Telephone: (202) 906-8600
Facsimile: (202) 906-8669
Firm I.D. No. 42297

Dated:  November 12, 2015